UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE:

Sarmiento & Ramos,

          Debtor.

Civil Action No. 06-4729 (PGS)

**OPINION**

**SHERIDAN, U.S.D.J.**

Appellant, State of New Jersey, Department of Labor ("appellant" or "New Jersey Department of Labor"), appeals the decision of the Bankruptcy Court which held that the New Jersey Department of Labor improperly withheld post-petition unemployment compensation benefits to the Chapter 13 appellee, Christian Sarmiento ("appellee" or "debtor"), to offset pre-petition unemployment compensation benefits that had been fraudulently obtained.

I.

The debtor filed for unemployment compensation benefits in 1994 and received benefits from July 3, 1994 through December 3, 1994. The State performed a cross-match of information obtained from the debtor's employers and the local office of the Department of Labor and, finding evidence of employment, commenced an investigation by which it was confirmed that the debtor was, in fact, employed by two different employers at the time he was collecting unemployment benefits. A fact finding notice was mailed to the debtor on January 22, 1996 to which the debtor failed to respond. The debtor was found to have committed fraud through willfully representing that he was unemployed and entitled to benefits when in fact he was employed and not entitled to receive benefits. A Determination and Demand for Refund of Unemployment or Disability Benefits was

mailed to the debtor on March 5, 1996. The debtor, again, failed to respond. No appeal of the determination was taken by the debtor.

On June 7, 1996, the debtor filed for Chapter 7 bankruptcy. The New Jersey Department of Labor filed an adversary proceeding based on fraud under Section 523(a)(2)(a), which was resolved by a consent order under which the debtor agreed that the debt was non-dischargable and agreed to make monthly payments of $50 until the debt was paid. Some payments were made. About eight years later, the debtor filed for Chapter 13 bankruptcy on October 23, 2004. The New Jersey Department of Labor filed a Proof of Claim in the amount of $3,873.78 on November 24, 2004.

On February 17, 2006, during the reorganization process, the debtor again applied for and was, this time, properly eligible to receive unemployment compensation benefits. Without requesting relief from the automatic stay in the Bankruptcy Court, the New Jersey Department of Labor refused to pay benefits to the debtor, claiming that it was recouping past moneys owed. Debtor's counsel moved to compel the New Jersey State Department of Labor to provide unemployment compensation benefits and for sanctions for violation of the automatic stay.

The Bankruptcy Court, issued an oral decision on the record on August 15, 2006, finding the New Jersey Department of Labor's actions to be an impermissible set-off, as opposed to recoupment, and granting debtor's counsel an award of legal fees in the amount of $500.00. The New Jersey Department of Labor filed an appeal to this Court.

II.

Jurisdiction of the district courts over appeals from orders of bankruptcy courts is governed by 28 U.S.C. § 158(a), which provides, in relevant part, that "[t]he district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees...." 28 U.S.C.

2

§ 158(a).

"The proper standard of review to be applied by a district court when reviewing a ruling of a bankruptcy court is determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee*, 321 B.R. 147, 157 (D.N.J. 2005). In this case, it is a conclusion of law which is at issue, and it is subject to *de novo* or plenary review by the district court. *Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997); *Chemetron Corp. v. Jones*, 72 F.3d 341, 345 (3d Cir. 1995).

### III.

The issue presented on this bankruptcy appeal is whether the New Jersey Department of Labor's refusal to pay post-petition unemployment compensation benefits constitutes an impermissible setoff or an allowable right of recoupment.[1] The inquiry begins with an understanding of the relevant doctrines.

> The doctrines of "setoff" and "recoupment" had their origins in the era of common law pleading...Both doctrines were subsequently adopted in bankruptcy, setoff by statute, see 11 U.S.C. § 108 (1976), repealed by Bankruptcy Reform Act of 1978, Pub.L. No. 95-895, 92 Stat. 2549 (1978); and recoupment by decision, see *In re Monongahela Rye Liquors*, 141 F.2d 864 (3d Cir. 1944). In bankruptcy, however, setoff and recoupment play a role very different from their original role as rules of pleading. <u>Setoff, in effect, elevates</u>

---

[1] Debtor filed his Chapter 13 case October 23, 2004, and therefore is not subject to the amendments of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") which took effect for cases filed after October 17, 2005. Thus, all references are to the Bankruptcy Code prior to its amendment by the BAPCPA. In Chapter 7 cases and Chapter 13 cases filed on or after October 17, 2005, the effective date of the BAPCPA, a debt incurred through fraud can be the subject of a nondischargeability action pursuant to 11 U.S.C. § 523(a)(2)(A). Because debtor in this case filed his Chapter 13 petition prior to the enactment of BAPCPA, under pre-BAPCPA law, debts incurred through fraud are discharged upon completion of the Chapter 13 plan. 11 U.S.C. § 1328(a).

3

> an unsecured claim to secured status, to the extent that the debtor has a mutual, pre-petition claim against the creditor. See 11 U.S.C. § 506(a). Setoff is limited, however, by the provisions of 11 U.S.C. § 553. Among those limitations is that pre-petition claims against the debtor cannot be setoff against post-petition debts to the debtor. [Recoupment, on the other hand, allows the creditor to assert that certain mutual claims extinguish one another in bankruptcy, in spite of the fact that they could not be "setoff" under 11 U.S.C. § 553.] The justification for the recoupment doctrine is that where the creditor's claim against the debtor arises from the same transaction as the debtor's claim, it is essentially a defense to the debtor's claim against the creditor rather than a mutual obligation, and application of the limitations on setoff in bankruptcy would be inequitable. See, *In re Monongahela Rye Liquors*, 141 F.2d at 869.

*Lee v. Schweiker*, 739 F.2d 870, 875 (3d Cir. 1984).

The Bankruptcy Court below rejected recoupment based on the idea of a societal contract, finding the theory "too generalized and vague, to support the theory of recoupment." The Bankruptcy Court noted that the courts that subscribe to such a theory "find it repugnant, that a debtor who has obtained a government benefit by misrepresentation should be treated the same as other creditors." Explaining that the 1978 Bankruptcy Code did not completely exempt fraud from discharge, the Bankruptcy Court Judge held that it was beyond the Judge's authority to countermand this congressional determination. The Bankruptcy Court decision is bolstered by another case which ruled "there is no exception to discharge or dischargeability of a debt in favor of either the Social Security Administration or state agencies administering the unemployment benefit scheme. *In the Matter of McClinton*, 2006 BANKR LEXIS 2069, *9.

On the other hand, in another recent case by a Bankruptcy Court in this District, the Bankruptcy Court Judge ruled differently. *See, In re Mewborn*, -- B.R. --, 2006 WL 4453930. This case is closely analogous to the one here. After consideration of the case law, the *Mewborn* Court

concluded that "State Departments of Labor are entitled to recoup fraudulently received unemployment compensation benefits against future benefits," and that "[r]ecoupment is justified because unemployment compensation is a societal contract and not an entitlement." *In re Mewborn*, -- B.R. --, 2006 WL 4453930, *9. See also, *In Re Covington*, USBC Petition No. 02-44720 (DNJ November 2, 2006).

There is no binding precedent that clearly dictates how this Court should find[2]. The Court must choose between two very well reasoned bankruptcy court opinions. To this Court, the primary considerations upon which this case should be decided are the element of fraud and the practical realities involved. By this is meant that, in theory, the state has two methods of recourse against a plaintiff such as the one here who fraudulently collected unemployment compensation – recoupment and/or criminal sanctions. Although the bankruptcy filing does not impact the state's ability to proceed criminally against the plaintiff here, from a practical standpoint, state government lacks the resources to bring criminal proceedings against such wrongdoers when considering other priorities and the pressures on the criminal justice system. In light of same, recoupment appears to be the appropriate remedy. This does not undermine the Congressional objectives for two reasons. First, the decision is limited to cases in which fraud is involved; hence, it effects a small fraction of all bankruptcy cases filed. Secondly, Congress and state legislators have an obligation to prudently manage and conserve funds, like the state unemployment compensation fund, which are entrusted to the lawmakers' care. It would be a breach of this fiduciary responsibility to allow wrongdoers to commit fraud without redress through protections afforded plaintiff under bankruptcy laws.

---

[2] The Second Circuit reached a different result. *See, In Re Malinwoski*, 156 F. 3d 131 (2d Cir. 1998). However, the case is clearly distinguishable because fraud was not at issue. *Id.* At 135.

5

Accordingly, the Court finds that recoupment is available where fraud is proven. The Order of the Bankruptcy Court below is reversed.

IV.

The debtor's attorney failed to file its brief for more than seven months after its due date. At argument, the debtor's attorney expressed remorse, and indicated that the firm did not file a brief because payment for their services was unlikely. This excuse is insufficient since the firm did not even acknowledge its obligation to file a response, or move to withdraw their representation. As a result, sanctions are necessary. The law office of Nicholas Fitzgerald, Esq. shall pay a fine of $500.00 payable to the Clerk, United State District Court, District of New Jersey, within thirty days.

_____
PETER G. SHERIDAN, U.S.D.J.

September 12, 2007